IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| State of South Carolina; County of Aiken; City of Burnettown; Burnettown Municipal Court; Officer David Paul Smith, Badge No. 500, 7th District; Officer Ron J. Toole, Badge No. 507, 7th District,<br><br>          Plaintiffs,<br><br>v.<br><br>Minister Nailah Anah Bakari,<br><br>          Defendant. | C/A No. 1:12-2630-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

Minister Nailah Anah Bakari, ("Defendant"), a self-represented litigant, attempts to remove her pending state criminal case involving an alleged traffic violation to federal district court from the Municipal Court of Burnettown in Aiken County, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Defendant files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the notice of removal in accordance with applicable law, the court concludes that it should be remanded to state court.

## BACKGROUND

The Notice of Removal in this matter could serve as a model of a frivolous filing. Although it is largely nonsensical gobbledegook, the gist of the filing is that the defendant claims to be "Aborignal Indigenous Moorish-American" who purports to be a diplomat entitled to some form of protection under a treaty between the United States and Morocco. The defendant apparently does not recognize the authority of the municipal government

of Burnettown, characterizing it as a "private corporation; foreign to the United States Republic . . . and foreign to the organic South Carolina Republic." (ECF No. 1 at 7.) She apparently demands that the United States Supreme Court issue some type of order that, among other things, recognizes her Moorish-American status and enjoins the "plaintiffs" from prosecuting her criminal case.

## DISCUSSION

In purporting to remove her criminal case from municipal court, the defendant expressly invokes 28 U.S.C. § 1351.[1] This provision essentially confers exclusive jurisdiction in this district courts over *civil* actions against consuls or vice consuls of foreign states, or "members of a mission or members of their families (as such terms are defined in section 2 of the Diplomatic Relations Act)." Id. Removal of this action pursuant to this section is improper for many reasons. Two of them are: first, that this matter is not a civil action, and second, that the defendant's purported and self-proclaimed status as a duly appointed minister of the International Society of Indigenous Sovereigns does not meet the standard of 22 U.S.C. § 254a et seq.

Various courts have examined and rejected contentions such as the defendant's. See, e.g., Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1135-36 (D.C. 2008) (rejecting criminal defendant's assertion of diplomatic immunity as an Associate Minister of the Council of the Nation of Moorish Americans); Bey v. Hillside Twp. Mun. Court, 2012 WL 714575, at *5 (D.N.J. Mar. 5, 2012) (rejecting a § 1983 civil rights claim and finding

---

[1] The defendant also references the United States Constitution and the Treaties of Peace and Friendship of 1787 and 1836, but she fails to show how either of those sources of law confers any authority for this court to exercise jurisdiction over her pending state criminal case.



frivolous any pleading asserting a claim challenging events that occurred in the United States's actual geographic territory on the basis of the Treaty with Morocco).

Thus, the defendant's purported ground for removal based on the premise that she should not be prosecuted for a violation of the law of the State of South Carolina because she is an Aboriginal Indigenous Moorish-American is frivolous on its face.  See, e.g., Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (in a § 2254 case, finding that petitioner's allegation of membership in the Moorish-American Nation which entitled him to ignore state laws was ludicrous); United States v. Lee-El, CR No. 08-20140-01-KHV, 2009 WL 4508565 (D. Kan. Nov. 24, 2009) (collecting cases and finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States); Allah El v. Dist. Attorney for Bronx Cnty., No. 09 CV 8746(GBD), 2009 WL 3756331 (S.D.N.Y. Nov. 4, 2009) (dismissing a § 2241 petition because it plainly appeared that the petitioner was not entitled to relief where he alleged he was a Moorish-American citizen not subject to state and federal laws).  Removal of her state criminal case to this court was improper, and the case should be remanded.

## RECOMMENDATION

For the foregoing reasons, the court recommends that this matter be remanded to the municipal court for the Town of Burnettown.

*signature: Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).